UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INLANTA MORTGAGE, INC.,

    Plaintiff,

v.                                                           Case No. 8:19-cv-133-T-60AAS

AARON J. KUMMER, et al.,

    Defendants.
_____/

**ORDER GRANTING "PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT"**

This matter is before the Court on "Plaintiff's Motion for Summary Judgment," filed on November 1, 2019. (Doc. 22). Defendants Aaron J. Kummer, Unknown Tenant # 1, and Unknown Tenant # 2 did not respond. Upon review of the motion, court file, and record, the Court finds as follows:

**Background**

On June 26, 2018, Defendant Aaron J. Kummer executed and delivered a note to Plaintiff Inlanta Mortgage, Inc., agreeing to make monthly payments to Inlanta in exchange for a $174,603.00 loan. (Doc. 1-2). Kummer signed the note but wrote "Without Recourse Pay to the Order of" above his signature. (*Id.*). The same day, Kummer executed and delivered to Mortgage Electronic Registration

Systems, Inc., a mortgage on property in Bradenton, Florida as security for the Note.[1] (Doc. 1-2).

Kummer made no payments on the Note. (Doc. 1). Inlanta sent Kummer two notice of breach letters in October and November 2018. (Doc. 22-1). Both letters notified Kummer that the total amount was due within thirty days. (*Id.*). Kummer never paid. (*Id.*). Inlanta now seeks foreclosure of the mortgage on the subject property.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute does not defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.* "An issue is not 'genuine 'if it is unsupported by the evidence or is created by evidence that is 'merely colorable 'or 'not significantly probative.' " *Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1246 (11th Cir. 2014).

The moving party bears the initial burden of showing there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of

---

[1] Mortgage Electronic Registration Systems, Inc. was acting as nominee for Inlanta.

material fact.  *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995).  If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed true and all reasonable inferences are drawn in the nonmoving party's favor.  *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

"The elements to foreclose real property in Florida are: (1) an agreement, (2) a default, (3) an acceleration, and (4) the amount due."  *Centennial Bank v. Bakerfield Custom Homes Corp.*, No. 8:17-cv-1721-T-27JSS, 2018 WL 461098, at *1 (M.D. Fla. Jan. 17, 2018).  Under Florida law, it is clear that a negotiable instrument – "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order" – is an agreement.  *See* § 673.1041(1), *F.S.*; *see, e.g.*, *Third Fed. Sav. & Loan Ass'n of Cleveland v. Koulouvaris*, 247 So. 3d 652, 654 (Fla. 2d DCA 2018) ("[F]or over a century ... the Florida Supreme Court has held [promissory notes secured by a mortgage] are negotiable instruments.  And every District Court of Appeal in Florida has affirmed this principle."); *Black Point Assets, Inc. v. Fed. Nat'l Mortg. Assoc.*, 220 So. 3d 566, 568 (Fla. 5th DCA 2017) (explaining that a mortgagee successfully showed the existence of an enforceable agreement between the parties by attaching a copy of the mortgage).

"To foreclose upon a promissory note, the plaintiff must be the 'holder' in order to be the real party in interest."  *See, e.g.*, *Citibank v. Dalessio*, 756 F. Supp.

2d 1361, 1365 (M.D. Fla. 2010). A holder is "the person who is in possession of a document of title or an instrument or an investment security drawn, issued[,] or endorsed to him or to his order or to the bearer or in blank." *Id.* (quoting *Troupe v. Redner*, 652 So. 2d 394, 395-96 (Fla. 2d DCA 1995)) (internal quotations omitted).

In this case, Kummer did not file a response in opposition to the motion for summary judgment. However, in his answer and affirmative defenses, Kummer appears to argue either that (1) there is no valid agreement between the parties or (2) Inlanta is not the holder of the note since Kummer handwrote "Without Recourse Pay to the Order of" above his signature, somehow rendering the note unenforceable.

Even if the Court were to assume that Kummer has made himself a payee on the promissory note by his handwritten addition, Florida law clearly establishes that promissory notes – unless expressly stated otherwise – are payable to each individual payee alternatively. *See* § 673.1101(4), *F.S.* As such, regardless of how Kummer's handwritten addition is interpreted, Inlanta still has the right to independently enforce the terms of the note because it is in possession of the instrument.

Accordingly, Inlanta has established that it is the holder of the note, and that the promissory note, secured by a mortgage, is an enforceable agreement. (Docs. 1; 22-1). Furthermore, Inlanta has clearly established — and Kummer has not disputed — that Kummer defaulted on his obligation, that there was an

acceleration, and that the amount due is $195,469.87.  (Doc. 22-1).  Accordingly, "Plaintiff's Motion for Summary Judgment" is due to be granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion for Summary Judgment" (Doc. 22) is hereby **GRANTED**.
2. Inlanta Mortgage, Inc., is directed to provide the Court with a proposed judgment of foreclosure on or before July 7, 2020.
3. A separate judgment of foreclosure will be entered, scheduling a judicial sale of the subject property, setting forth the amount due to all parties having an interest in the sale proceeds, the manner in which the sale proceeds are to be distributed, the publication requirements, bidding procedures, and the manner and time of the sale.
4. The Court reserves jurisdiction to enter judgment of foreclosure consistent with this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of June, 2020.

                                      **TOM BARBER**
                                      **UNITED STATES DISTRICT JUDGE**