UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INLANTA MORTGAGE, INC., a
Wisconsin Corporation,

      Plaintiff,

v.                                                  Case No. 8:19-cv-133-TPB- AAS

AARON J. KUMMER, et al.,

      Defendants.
_____/

### ORDER STRIKING CONSTRUED MOTION TO INTERVENE

This matter is before the Court on "Intervenor-Petitioner Derrick Donnell Bey Express Trust's Complaint for Declaratory and Injunctive Relief" (Doc. 60), which the Court construes as a motion to intervene. The motion is filed by or on behalf of the Derrick Donnell Bey Express Trust.[1] Because the party seeking to intervene is a trust, it is required, under 28 U.S.C. § 1654, to be represented by an attorney. *See, e.g., Mitchelle Art 89 Trust v. Astor Alt, LLC*, No. 1:15-cv-463-WSD, 2015 WL 4394887, at *1 (N.D. Ga. July 15, 2015) ("[B]ecause Plaintiff is a trust, Plaintiff is required, under 28 U.S.C. § 1654, to be represented by an attorney.");

---

[1] The motion's title indicates it was filed by the trust, it states that the person who signed it, Dorian Henryk Stanislawski, is proceeding "solely as foreign trustee" for the trust, and it identifies the trust as the "Intervenor-Petitioner" who seeks to be made a "party" because its "presence . . . is necessary and proper to a complete determination of the case." (Doc. 60 at 1, ¶ 3). The motion elsewhere states that Stanislawski is the "Intervenor Petitioner," and that he "sues in his own name . . . without joining the party for whose benefit the action is brought," but even here it asserts that Stanislawski is acting as "trustee' or "solely as the foreign trustee" of the trust. (*Id*. at 1, ¶ 6). It is therefore clear that Stanislawski seeks to litigate the rights and interests of the trust and/or its beneficiaries, rather than his own personal rights. To do that, he must be represented by counsel.

*Callaway v. Hornsbake*, No. 2:11-cv-85-FtM-99DNF, 2012 WL 333769, at * 3 (M.D. Fla. Feb. 1, 2012) ("Like corporations, trusts must be represented by counsel as well."); *United States v. Lena*, No. 05-80669-CIV, 2007 WL 4578336, at *1 (S.D. Fla. Dec. 27, 2007) ("This Court finds no reason to make a distinction between a trust and a corporation for purposes of the right of self-representation under § 1654.").

The motion is signed by Dorian Henryk Stanislawski, who is not admitted to practice law in this District. The motion is therefore is stricken. Stanislawski is further warned that he may be subject to criminal prosecution for engaging in the unauthorized practice of law if he continues to file papers in this Court on behalf of entities when he is not a licensed attorney in this jurisdiction. *See EHQF Tr. v. S & A Capital Partners, Inc.*, 947 So. 2d 606, 606 (Fla. 4th DCA 2007) ("[A] trustee cannot appear pro se on behalf of the trust, because the trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law.").

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The Clerk is directed to **STRIKE** the "Intervenor-Petitioner Derrick Donnell Bey Express Trust's Complaint for Declaratory and Injunctive Relief" (Doc. 60).

2. The case remains closed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of April, 2021.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**